This is a case of the people of the state of Illinois versus Jamie Cornelia. 1-18-0199. You're before the panel of the first district second division which consists of our procedure is as follows. We will let the appellant first argue his case for approximately 10-15 minutes with no interruptions. Then we'll let our people ask questions. After that, the appellee will make their presentation and again we'll have the questions and then the appellant can do their closing. With that, are you guys both ready? Yes. All right. You may proceed. Oh, your voice isn't on. Michael, your voice isn't on. Where it says mute, hit mute. Hi. You can hear me now. I take it. Okay. Yes. Apologies. Okay. All right. Thank you. Okay. Good morning, your honors. Michael Orenstein for dependent appellant Jaime Cornejo. I intend to argue issue 1B, the charging instrument issue. Of course, I can discuss any other issues should you desire. Your honors, Jaime Cornejo was charged with armed robbery, but he was convicted of aggravated robbery. Aggravated robbery's distinguishing element is indicating verbally or by action that a robber is armed. The issue here as framed by both parties is this. From the allegations in the charging instrument, can one infer this distinguishing element? We say no. What the state calls a reasonable inference, we call speculation. Both sides agree that the place to start is people v. Colton. Colton focuses on, quote, the factual description of the charged offense. Colton asks if from this factual description, one can reasonably infer an uncharged element. In Colton, the court inferred a mental state, sexual intent, from the charged allegation, sexual conduct. But Colton emphasizes this is a case-by-case issue. And the state suggested inference here is very different. The state's charged act here is robbery while possessing a gun. From that, the state infers an uncharged act that my client verbally or otherwise indicated that he had a gun. But this inference is unreasonable. The state charged him with knowingly taking property by force of threat or force armed with a firearm. Nothing in this indictment suggested that Cornejo said he had a gun. Nothing in this indictment indicated that he said he had a gun. Nothing in this indictment indicated verbally or otherwise nonverbally that he indicated he had a gun. This case is unlike Colton, which inferred a mental state, a sexual mental state from a sexual act. We submit this case as more like people v. Baldwin, another Illinois Supreme Court case, where the Supreme Court declined to infer one act from another act. The Baldwin indictment charged home invading, specifically entering a home, knowing someone was there, and using force while armed with a knife. The issue was could one reasonably infer from these allegations unlawful restraint? The answer was no. Force could mean force used as restraint, but force could also mean simply punching somebody. Baldwin shows that it is not. Here, Cornejo is charged with robbery while possessing a gun, but from his alleged gun possession alone, it doesn't follow that he indicated he had a gun, that he said he had a gun, or that he acted with his actions like he had a gun. It is, of course, plausible that during an armed robbery, a robber might display or discuss a gun, but it is no more than that. Under Baldwin, plausibility is not enough, and under Baldwin, what the state calls a reasonable inference here is just speculation. Now, the state doesn't really explain why it suggested inference is reasonable. It cites Johnson, which doesn't explain this inference either. In all fairness, one case we cite, people read Jones, which finds that this inference is unreasonable, doesn't give much explanation either. We submit that better guidance is found in cases addressing the question of whether an inference is reasonable in more depth. Colton for one, Baldwin for another, and the sufficiency of the evidence cases in our reply brief. For example, it is plausible that someone holding burglary proceeds is a burglar, maybe even likely. It's plausible that a sex offender who tries to register in Chicago, arrested in Chicago, lives in Chicago, maybe even likely. That's an Italian Gomez case we cited in our reply brief. In both cases, however, they found that this plausibility wasn't enough to make a reasonable inference. This court should find that it is not enough either. In summary, from the charge of robbing while armed, it is merely speculation to infer that one indicates possession of a gun by word or action. The jury should not have received a lesser included aggravated robbery instruction, and this court should reduce Cornell's conviction to simple follow you. Okay. In your brief, you make a point of saying that there was no evidence that he had a gun, and yet there was testimony that two people saw a gun. So why are you saying there was no evidence? Well, I want to clarify whether you're asking about which issue. There's two sub-issues. One goes to the charging instrument. The one act one crime has two prongs. The first prong, which is what I'm arguing, is that from the charging instrument alone, you can't infer possession of a gun. That has nothing to do with the evidence because with the charging evidence approach, you don't look to the evidence. Now, my independent second issue isn't saying that there was no evidence that they had a gun, but that the jury rejected the testimony that he had a gun because otherwise, they would have convicted him of armed robbery. So there was evidence that he actually displayed a gun, but the jury rejected that implicitly in their findings. So I don't think I'm saying there's no evidence that he had a gun, but there's no indication in the charging instrument that he had a gun. I'm not sure if that answers your question or not. That's, yeah. Thank you. Terry? Yeah, my only point was that I thought in your brief that you acknowledged and accepted the fact that allegations in an indictment are sufficient to charge and convict on an uncharged lesser included offense and cited the people versus Colton case. Am I correct? Wait, can you repeat the question? I'm sorry. Sure. No, no problem. I think in your brief, you argued that allegations in the indictment, the charging instrument are sufficient to charge and convict on an uncharged lesser included offense and cited the Colton case, correct? As an abstract matter, yes. I mean, not this indictment, but yes. Yeah, I know you want to talk about abstractions and implausibility. To me, it's implausible that you can make the argument that you're making when the evidence in this case shows what was charged in the charging instrument and also shows that the defendant pulled out a gun, aimed it at them, told them to drive away, or he was going to shoot. Well, that is why we're not making it. You want to separate everything and act like they're two different fantasy worlds here. Well, I am separating it. I think Colton tells us to separate it. Colton tells us because remember, Colton talks about notice. Colton is very clear that when you look to whether the charging instrument charges the lesser included offense, you only look to the four corners of the charging instrument. You don't look to what the evidence is. I agree with you that from the evidence, a rational jury could find the aggravated robbery, but that's not what when we look to the charging instrument approach that Colton talks about. That's all I have. Kristin, you may proceed. Thank you. May it please the court, Assistant State's Attorney, Christina Stroud, on behalf of the people. Thank you. Now, the issue is to whether or not the trial court properly submitted aggravated robbery to the jury as an uncharged offense. That is a two-part test. The first part of that test is whether the uncharged offense is a lesser included offense of the charge crime. Yes, pursuant to the Supreme Court and Colton and this court's decision in People v. Johnson, the trial court properly submitted aggravated robbery as a lesser included offense. As handed down by People v. Colton, the charging instrument approach asks first, can the lesser offense be inferred in a broad way from the charging documents? And can any missing element, can that be reasonably inferred so as to give a defendant notice to prepare his defense? Now, it appears as if the defendant is taking issue with the court's inference in People v. Johnson, and People v. Johnson already decided that issue in that the People v. Johnson made the reasonably inferred that the aggravated robbery element as to whether or not a defendant indicates verbally or by his actions that he is armed with a firearm can be inferred from a charging document, which alleges that a defendant was armed with a firearm. And yes, the state argues that it is reasonable to infer that when one is charged with simply being armed with a firearm and performing an act by force while armed, it's reasonable to infer that in those actions, when you're performing an act by armed, that one can indicate verbally or through their actions that one is presently armed. It's a matter of logic. Aggravated robbery with a firearm is a lesser included offense, because it involves lesser behavior. All that involves is that it indicates that you're armed, not that you're actually armed as required in the greater offense of armed robbery with a firearm. And that's what this case is. The people did fall short at trial on our proofs as to armed robbery with armed with a firearm. Now, the defendant's reply brief, he cites two cases that don't apply in that these cases reference issues where inferences were made on evidence of an essential element sufficient to prove one guilty beyond a reasonable doubt. That is not the same. That is not the same in the charging instrument approach. It's whether or not a greater offense broadly describes a lesser offense and the missing element can be inferred. And this issue was already decided by this court in people v. Johnson, it's directly on point. This court already concluded that aggravated robbery can be a lesser included offense of armed robbery, even if the indictment does not allege that a defendant indicates that he was armed. And now the defendant, he relies on people v. Jones, but people v. Jones is not in line with the state of the law in Illinois under people v. Colton regarding the charging instrument approach. That approach was deemed too narrow because the reviewing court and people v. Jones never was never able to consider whether or not a missing element can be reasonably inferred. Now, moving on, the defendant also relies on people v. Baldwin, and people v. Baldwin was decided before Colton extended the charging instrument approach. And people v. Baldwin involved two different charges, the home invasion and aggravated unlawful restraint, which the court said that there was a farther reach to find that aggravated unlawful restraint could be a lesser included offense. Whereas our case, there's a shorter reach. The indictment in our case, one alleges that the defendant was armed and that he used force. There are more similarities, and therefore the inference is reasonable. And I'll just note that even with the farther reach between home invasion aggravated unlawful restraint, the court and people v. Baldwin did indicate that even with that farther reach with additional language, the defendants could have prepared the defense and unlawful restraint with different language in the charging instrument could be deemed given as a lesser included offense of home invasion. And so finally, in regards to people v. Colton, not only is it instructive on the law in this case, but I'd argue that for purposes of the law, but also the facts. Now, although people v. Colton involved sex offenses, and namely the issue before the court in that case, was whether or not the defendant who was charged with predatory crim sex assault and charged with sexual penetration, whether or not ag crim sex abuse, which requires sexual conduct for the purpose of sexual gratification, whether that missing element of sexual purpose can be reasonably inferred from penetration, and the court said, yes, you can infer the defendant's purpose. Hence, if it is reasonable to infer the missing element of the defendant's purpose, it is also reasonable to infer an act or an indication as in our case. Therefore, this court should follow its own holding in Johnson, which properly applied Colton and, and find that with the substantially identical indictment of aggravated robbery is a lesser included offense of armed robbery. And again, we stand on our brief as to any remaining issues, and we'll answer any question this court has, and ask that this court affirm the defendant's conviction and sentence. Thank you. Questions? None for me. No. All right, Michael, you may proceed. Thank you, Your Honor. So three points of rebuttal, please. First of all, the state says that Johnson decided this issue. Well, Johnson certainly decided this issue adverse to us. But Jones, which we cite, decided this issue in favor of us. And when the state and when the decide whether it was a reasonable inference, well, Jones specifically said that it was an unreasonable inference. And so in doing that, Jones, Jones, Jones picked that up from the descent in the case called people be Novak, and Colton adopted a dissent of people be Novak. So I would say that, that I would say that Jones certainly did consider the issue of reasonable inference. But the second point is that the state says that, that the issues in my reply brief, the cases in my reply brief don't apply because they involve proof beyond a reasonable doubt. Well, proof beyond a reasonable doubt, the standard, or the standard, at least in my cases, was whether the jury could draw a reasonable inference from the evidence. The issue in lesser included offenses is where is whether a judge can can draw a reasonable inference for the charging instrument. So the standard is the same, even though the issue was different. And third, and finally, the state argues that logically, the aggravated robbery that is indicating by word or action, the day you possess a gun follows from armed robbery, which is the simple fact that you possess a gun. And I would disagree with that. There are perfectly rational reasons why one would possess a gun and not display it or mention it. You might want it as an insurance policy. You might hide it because you might want to avoid escalating risk. If you display the gun, it could be used against you. Or if you happen to end up having to use it, you might wind up with a murder rap. Or it could be a crime of opportunity, a smashing grab with no time and no need. Now, of course, the evidence was that, was not that this is a smashing grab or crime of opportunity. But under Colton, the charging instrument approach uses two-pronged test. And as the state pointed out, under this test, the lesser included offense elements must be reasonably inferable from the charging instrument. You don't look to the evidence in the case. So for those reasons, we would ask this court to reduce Jaime Cornejo's conviction to simple robbery. Any questions? None for me. All right. Thank you both. Your briefs are very nicely done. Enjoyable to read. And your arguments were interesting. And we'll let you know as soon as we put our heads together as to what we think. Thank you for your time.